IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 24- |
| v. | : | DATE FILED: _____ |
| MYUNG G. KONG | : | VIOLATIONS:<br>26 U.S.C. § 7202 (willful failure to collect |
| | : | and pay over employment taxes – 1 count) |
| | : | 26 U.S.C. § 7206(1) (subscribing to false tax return – 1 count) |

## INFORMATION

## COUNT ONE

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times relevant to this information:

1. Defendant MYONG KONG was the owner and operator of TMAE, Inc., doing business as TRIO Cold Cuts and Sandwich Pub ("TMAE"), which was located at 1248-50 MacDade Boulevard in Woodlyn, Pennsylvania.

2. Defendant MYONG KONG, as TMAE's sole owner, exercised control over its financial affairs and was responsible for collecting and paying over the employment taxes for TMAE.

3. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury, responsible for administering and enforcing the tax laws of the United States and collecting the taxes that were due and owing to the Treasury of the United States by its citizens and businesses.

4. Federal income tax withholding ("withholding taxes") and Federal Insurance Contribution Act taxes ("FICA taxes"), as more particularly described below, constituted employment taxes ("employment taxes").

a. Withholding Taxes: In general, an employer was required to deduct and withhold income tax on the amount of wages that actually or constructively were paid to its employees, and pay over those withholding taxes to the IRS.

b. FICA Taxes: The FICA tax was comprised of two elements: old-age, survivor and disability insurance, which was commonly referred to as "Social Security," and health insurance, which was commonly referred to as "Medicare." Social Security taxes were used to fund retirement and disability benefits, while Medicare taxes were used to provide health and medical benefits for the aged and disabled. An employer was required to deduct FICA taxes on the amount of wages that actually or constructively were paid to its employees, and pay over those FICA taxes to the IRS.

5. TMAE was required by law to withhold, report, and pay over employment taxes to the IRS on the amount of wages TMAE paid to its employees on a quarterly basis.

6. The IRS required that an employer report employment taxes on an Employer's Quarterly Federal Tax Return, Form 941 ("Form 941"). The Form 941 wasto be filed quarterly, and was due one month after the conclusion of each quarter. An employer was required to pay over employment taxes to the IRS, in full, by the due date on the Form 941.

7. IRS Form W-2, Wage and Tax Statement, reported wages paid by an employer to an employee and taxes withheld from those wages. It was issued by U.S. employers to employees and was filed by employers with the Social Security Administration.

8. From on or about October 1, 2018, through on or about January 31, 2019, in the Eastern District of Pennsylvania and elsewhere, defendant

**MYUNG G. KONG**

willfully failed to collect, truthfully account for, and pay over to the IRS approximately $5,027.56 in employment taxes due and owing to the United States for TMAE's employees for the fourth quarter of 2018.

In violation of Title 26, United States Code, Section 7202.

## COUNT TWO

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 3 of Count One are incorporated here.

2. IRS Form 1040, U.S. Individual Income Tax Return, was a tax return filed with the IRS in the name of an individual taxpayer, that reported, among other things, the taxpayer's income, deductions, and credits to determine the amount of tax owed by, or the amount of tax refund due, to the taxpayer.

3. On or about September 25, 2017, in the Eastern District of Pennsylvania, defendant

## MYUNG G. KONG

willfully made and subscribed a U.S. Individual Income Tax Return, Form 1040, for the calendar year 2016, which was verified by a written declaration that it was made under the penalties of perjury and filed with the Internal Revenue Service, which defendant KONG did not believe to be true and correct as to every material matter, in that the tax return reported total taxable income of $61,642 on line 43, when as defendant KONG knew, his actual taxable income was approximately $182,858.

In violation of Title 26, United States Code, Section 7206(1).

_Christine & Ayes for_
**JACQUELINE C. ROMERO**
**UNITED STATES ATTORNEY**

No. _ _ _ _ _ _ _ _ _ _

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

MYUNG G. KONG

INFORMATION

Counts

26 U.S.C. § 7202 (willful failure to collect and pay over employment taxes – 1 count)
26 U.S.C. § 7206(1) (subscribing to false tax return – 1 count)

A true bill.

_____
Foreperson

Filed in open court this _____ day,
Of _____ A.D. 20___

_____
Foreperson

Bail, $_____